IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TERESA K. TOLLESON                                                                                    PLAINTIFF

       v.                                           CIVIL NO. 12-3135

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                    DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Teresa Tolleson ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 2. The Defendant filed an answer to Plaintiff's action on October 12, 2012, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. ECF No. 6.

On January 25, 2013, the Commissioner, having changed positions, filed a motion requesting that plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. ECF No. 16. In March 2007, this matter was remanded by the Appeals Council for further consideration of the evidence to identify Plaintiff's severe impairments and to determine their effect on her ability to perform work activities; to obtain additional evidence concerning her mental impairments, including a mental consultative examination, updated treatment records, and medical source statements; to further evaluate her RFC and provide appropriate rationale with specific references to the record; to obtain evidence from a medical expert to clarify the nature and severity of her impairments; and, if warranted by the expanded record, to obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on her occupational base. Tr. 36-39. A supplemental hearing was held and a new decision issued on April 27, 2011, finding Plaintiff not disabled at step five. Tr. 11-24, 26-32. Although Plaintiff's initial request for Appeals Council review was denied on April 27, 2011, the Defendant

now seeks a "sentence four" remand of this case so that it may ensure the ALJ had complied with the directives of its March 2007 remand order.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above, appropriate. Therefore, we recommend that the Commissioner's motion to remand be **GRANTED** and the case remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of January 2013.

>                     */s/ J. Marschewski*
>                     HON. JAMES R. MARSCHEWSKI
>                     CHIEF UNITED STATES MAGISTRATE JUDGE